Bowler v. Taylor et al                                                                                                    Doc. 4

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 3 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH BOWLER, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-cv-00570 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| A. D. TAYLOR, et al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |
| ) | |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983. Bowler also applies to proceed in forma pauperis and submits a computer printout indicating that he has no money in his inmate trust account. On his complaint form, Bowler lists four officers at Red Onion State Prison (ROSP) as defendants and refers to "et al"; the claim section of the form, however, is blank except for Bowler's demand for compensatory damages and other forms of relief. In a cover letter, which the court will liberally construe as a statement of Bowler's attempted claims, Bowler vaguely alleges that in the past at ROSP and "WRSP" (Wallens Ridge State Prison), officers have jumped on him, beaten him, and caused him serious bodily harm. He also states that on July 14, 2005, he had surgery on his hand where he was beaten by prison guards at ROSP and WRSP. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Bowler has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3,

1

Dockets.Justia.com

2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds). Allegations that the inmate has faced imminent danger or suffered harm in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Bowler's allegations in his current complaint do not raise a credible allegation that he is currently in imminent danger of suffering physical harm related to any claim against the named defendants in this action. His complaints concern past events and Bowler does not allege facts indicating any likelihood that similar events will happen to him in the future. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis

under §1915(g). Therefore, the court will deny Bowler's request to proceed in forma pauperis under §1915(g).[1] As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 22nd day of September, 2005.

Senior United States District Judge

---

[1] Moreover, Bowler fails to allege facts or present documentation indicating that he exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). The court takes judicial notice of the fact that exhaustion of remedies within the VDOC usually takes more than 30 days, making it impossible for Bowler to have exhausted his remedies as to any claim concerning events that occurred on September 10, 2005.